**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EURHO JOE, | No. 22-16224 |
| Plaintiff-Appellant, | D.C. No. 5:22-cv-03155-SVK |
| v. | |
| SUPREME COURT OF CALIFORNIA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan G. Van Keulen, Magistrate Judge, Presiding[**]

Submitted August 15, 2023[***]

Before: TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Eurho Joe appeals pro se from the district court's order dismissing his 42

U.S.C. § 1983 action alleging various claims arising out of his state court custody

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(1). *Arrington v. Wong*, 237 F.3d 1066, 1069 (9th Cir. 2001). We affirm.

The district court properly dismissed Joe's action because his claims are barred by the *Rooker-Feldman* doctrine. *See Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012) (explaining that the *Rooker-Feldman* doctrine bars district courts from exercising jurisdiction over actual or de facto appeals of state court decisions).

The district court did not abuse its discretion by dismissing Joe's action without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may deny leave to amend if amendment would be futile).

The district court did not abuse its discretion by denying Joe's application for entry of default because defendant filed a motion to dismiss. *See* Fed. R. Civ. P. 55 (a) (providing for entry of default when a defendant "has failed to plead or otherwise defend"); *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001) (setting forth standard of review).

Joe's request for default judgment, set forth in the reply brief, is denied.

**AFFIRMED.**

22-16224